IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GABRIEL FLORES,**

        **Petitioner,**

**v.**                              **No. CIV 04-1225 MCA/LFG**

**ROBERT ULIBARRI, et al.,**

        **Respondents.**

## MAGISTRATE JUDGE'S AMENDED FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

    1.    This is a proceeding on a petition for writ of habeas corpus under 28 U.S.C. § 2254, filed October 25, 2004. [Doc. No. 1]. Respondents filed an Answer [Doc. No. 12] on November 30, 2004, and a separate Motion to Dismiss [Doc. Nos. 10, 11] on the same day. Petitioner Gabriel Flores ("Flores") did not file a response to the Motion to Dismiss that he characterized as such. However, he did file several pleadings entitled "Responce" [sic] [Doc. Nos. 16 and 17], that the Court found related to Flores' request for appointment of counsel and another pleading entitled "Write [sic] of Certiorari #2 Habeas Corpus, motion for release" [Doc. No. 15], that the Court

---

[1] Within ten (10) days after a party is served with a copy of these <u>amended</u> findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

reviewed along with his petition and Respondents' Motion to Dismiss. Flores currently is confined at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico.

2. On May 9, 2001, Flores was charged with Kidnapping, Criminal Sexual Penetration, False Imprisonment and Battery. After a number of continuances, a trial was held on September 3 and 4, 2002. Flores was found guilty of Kidnapping and Criminal Sexual Penetration. He was sentenced to a 17-year term of imprisonment, based in part upon a finding that he was a habitual offender. [Doc. No. 12, Ex. C.]

3. As grounds for federal review, Flores brings three claims: (a) ineffective assistance of counsel; (b) violation of civil rights based on double jeopardy violation; and (c) unlawfully induced conviction that was neither voluntary nor knowing. [Doc. No. 1, p. 5.]

4. In their Answer and Motion to Dismiss, Respondents argue that while the ineffective assistance of counsel claim was exhausted, the other two claims were not exhausted. However, Respondents point out that on April 15, 2004, Flores filed a second petition for writ of habeas corpus that is still pending (as of the date of Respondents' Answer – November 30, 2004) before the Ninth Judicial District Court, Curry County, for the State of New Mexico. [Doc. No. 12, Ex. N.][2] This second state habeas petition sets out all of the claims that Flores alleges in his federal habeas petition, but those claims remain undecided by the state court.

5. Because the second two claims have not been exhausted, Respondents argue that the Court should dismiss Flores' petition without prejudice to allow Flores to return to state court and

---

[2]Exhibit N's cover page is a federal form entitled Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody, but it appears to have been docketed and received in the Ninth Judicial District Court (Curry County). Therefore, as best as this Court can determine, this second state habeas petition is pending before the state court.

obtain a ruling on the pending habeas petition. In the alternative, Respondents ask that if the Court finds the claims to have been properly exhausted, they should be dismissed with prejudice on the merits because no credible federal constitutional claim is presented.

## Procedural History

6. On December 31, 2002, a Judgment, Sentence and Order Determining Habitual Offender Status was filed, sentencing Flores to a total term of incarceration of 17 years. [Doc. No. 12, Ex. A.]

7. On January 29, 2003, Flores filed a Notice of Appeal. He raised two issues on appeal: sufficiency of the evidence; and abuse of discretion by the trial court for not transferring venue after a local newspaper disseminated prejudicial publicity regarding Flores' upcoming jury trial. [Doc. No. 12, Exs. B and C, p. 8.]

8. On May 28, 2003, the New Mexico Court of Appeals rejected Flores' arguments on appeal and affirmed the convictions. [Doc. No. 12, Ex. F.]

9. On June 17, 2003, Flores filed a Petition for Writ of Certiorari, that was denied on July 24, 2003. [Doc. No. 12, Exs. G, H.] The same two questions that were presented in Flores' appeal were raised in the Petition for Writ of Certiorari. On August 22, 2003, the Court of Appeals issued a mandate to the district court clerk. [Doc. No. 12, Ex. I.]

10. On December 1, 2003, Flores filed his first state petition for writ of habeas corpus. His claims are not clearly set out but appear to consist of ineffective assistance of counsel; conspiracy between his defense counsel and the prosecutor; and conviction obtained by obstruction of justice based on allegations that his attorney intimidated and harassed him and did not adequately cross-examine the victim when she testified at trial. [Ex. J.] On December 4, 2003, Flores filed a one-page

addition to his state habeas petition that alleges, in part, that "it is a pruve that on my case of avitual proceedings was plane and simple a doble jeopardy prosess on disgise, by the Psycological arrangement of the Laws." [Ex. J.]

11. On January 20, 2004, the Ninth Judicial District Court for the State of New Mexico issued an order summarily dismissing Flores' habeas petition. [Doc. No. 12, Ex. K.] The state court noted that Flores arguments on appeal were insufficient evidence and that venue should have been changed to another district. The trial judge concluded that Flores' state petition raised the same arguments as those brought on appeal, along with claims of ineffective assistance of counsel and conspiracy between his defense attorney and the prosecutor.

12. On February 19, 2004, Flores filed a petition for writ of certiorari in the New Mexico Supreme Court. [Doc. No. 12, Ex. L.] In the petition for writ of certiorari, Flores argued generally that he had been subjected to double jeopardy, obstruction of justice, conspiracy, intimidation, harassment, threats of deportation and that there was an issue regarding the validity of a plea, although Flores did not plead guilty. As stated above, he was convicted of two offenses by a jury. In this petition, Flores also raised more specific claims of ineffective assistance of counsel.

13. On March 4, 2004, the New Mexico Supreme Court denied Flores' petition for writ of certiorari. [Doc. No. 12, Ex. M.]

14. On April 15, 2004, as stated previously, Flores filed a second state habeas petition that had not been resolved as of the end of November 2004. [Doc. No. 12, Ex. N.]

**Exhaustion of State Remedies**

15. A federal court may consider a petition for writ of habeas corpus only after the petitioner first presents his claims to a state court and exhausts his state remedies, unless "there is an

absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack.  <u>Dever v. Kan. State Penitentiary</u>, 36 F.3d 1531, 1534 (10th Cir. 1994).  The Tenth Circuit also has held that a state prisoner does not fully exhaust state remedies without timely seeking certiorari review with the state supreme court.  <u>Barnett v. LeMaster</u>, 167 F.3d 1321, 1323 (10th Cir. 1999) (*citing* <u>Dulin v. Cook</u>, 957 F.2d 758, 759 (10th Cir. 1992)); <u>Watson v. State of New Mexico</u>, 45 F.3d 385, 387 (10th Cir. 1995).  A state prisoner bringing a federal habeas petition bears the burden of showing he exhausted state remedies.  <u>Miranda v. Cooper</u>, 967 F.2d 392, 398 (10th Cir.), *cert. denied*, 506 U.S. 924, 113 S.Ct. 347 (1992).

16.    Here, Flores brings a mixed habeas petition because the ineffective assistance of counsel claim, while clearly exhausted, is raised along with two claims that were not exhausted, either in Flores' direct appeal or in the first habeas petition.[3]  Moreover, Flores provides no argument that

---

[3] The fact that Flores' one-page addition to his first state court habeas petition might be read to mean he intended to raise a claim of double jeopardy based on the habitual offender enhancement does not convince the Court that he did raise such a claim in the underlying habeas proceeding.  First, it is difficult to determine what claim Flores intended to bring based on this short pleading and the language employed by Flores.  *See* <u>Steele v. Fed. Bureau of Prisons</u>, 355 F.3d 1204, 1211 (10th Cir. 2003) (prisoner must provide a comprehensible statement of his claim), *cert. denied*, 125 S. Ct. 344 (2004).  Second, the state court judge, in his opinion denying habeas relief, did not recognize that any such claim was raised by Flores.  However, even if such a claim were considered to be exhausted, this Court would recommend dismissal on the merits.  The Supreme Court has explicitly articulated that enhanced punishment for recidivist conduct does not violate the Double Jeopardy Clause.  *See, e.g.,* <u>Gryger v. Burke</u>, 334 U.S. 728, 732, *reh'g denied*, 335 U.S. 837 (1948).  Similarly, in the petition for writ of certiorari related to the denial of Flores' first habeas petition, the argument that he was subjected to an invalid plea agreement does not raise the same claim asserted here, i.e., that his conviction was involuntary or unknowing.  Even if Flores had properly exhausted this claim, a claim of "unlawful" or "unknowing" <u>conviction</u> fails to raise a cognizable constitutional claim.

"there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant."

17.  Under Rose v. Lundy, 455 U.S. 509, 510, 522 (1982), a federal district court must dismiss mixed habeas petitions.[4]  *See* Pliler v. Ford, __ U.S. __, 124 S.Ct. 2441, 2445 (2004); *see also* Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004) (in discussing total exhaustion requirement related to Prison Litigation Reform Act claims, the Tenth Circuit observed that "[i]n the habeas context, the total exhaustion rule is well established.").  The United States Supreme Court held in Rose that § 2254 required district courts to "dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted . . . . leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or re-submitting the habeas petition to present only exhausted claims to the district court." Rose, 455 U.S. at 510.

18.  Strict enforcement of the exhaustion requirement encourages habeas petitioners to exhaust all of their claims in state court and to present a single habeas petition to federal court. Id. 455 U.S. at 520.  In so doing, the district court will be more likely to review all of the claims in a single proceeding and provide a more focused and thorough review.  Id.  Exhaustion may be waived if "state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions"or if there is an inordinate or unjustifiable delay for which the state is responsible. Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21 (1963) (*per curiam)*; Lane v. Richards, 957 F.2d 363, 365 (7th Cir.), *cert. denied*, 113 S.Ct. 127 (1992).  At this point, this Court cannot

---

[4] The Court recognizes that The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") permits a court to deny a claim on the merits even when unexhausted.  28 U.S.C. § 2254(b)(2).  However, in this case where there currently is a pending habeas petition in the state court, this Court elects not to analyze the claims on the merits.

determine whether there has been an unjustifiable delay in deciding Flores' second state court habeas petition "for which the state is responsible."

19.     The Supreme Court rejected the argument that the total exhaustion rule would serve as a trap for unwary *pro se* litigants. Rose, 455 U.S. at 520. "Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement [referring to 28 U.S.C. § 2254(b)]." Id..

20.     The Supreme Court also rejected the argument that the total exhaustion rule would increase the burden on federal courts. "[S]uch a rule would actually promote judicial efficiency by discouraging piecemeal litigation at least to some extent." Ross, 365 F.3d at 1190 (relying on Rose).

## **Recommended Disposition**

21.     That Respondents' Motion to Dismiss [Doc. No. 10] be GRANTED and that Flores' federal habeas petition [Doc. No. 1] be dismissed, without prejudice.

                                                       */s/ Lorenzo F. Garcia*
                                                      Lorenzo F. Garcia
                                                     Chief United States Magistrate Judge